IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No.: 10-cv-02160-MSK-CBS

TRAVELERS INDEMNITY COMPANY (a Connecticut corporation),

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS FOR LARIMER COUNTY, STATE OF COLORADO,

    Defendant.

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The parties to this action, through their respective counsel, hereby stipulate to entry of this mutual protective order regarding the use and confidentiality of documents, testimony, information and material produced in this litigation.

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby ORDERED:

Page 1– STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

**A.     Confidential Information**

The parties to this litigation may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs a, b, and c. Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement. All or any portion of any documents, transcripts, writings or recordings of any sort which substantially quote or paraphrase information regarding the Confidential document, testimony, information or material shall also be deemed Confidential and subject to the terms and condition of this Protective Order. The parties shall act in good faith and on a reasonable basis when designating material "CONFIDENTIAL."

(a)     Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by any of the parties to this litigation by stamping the word "CONFIDENTIAL" on the face of the writing. Alternatively, a party may designate any writing as "CONFIDENTIAL" by identifying such document(s) by bates number and designating it/them as "CONFIDENTIAL" in a cover letter addressed to the opposing party(s)' counsel and accompanying the production of such document(s).

(b)     Any party to this litigation may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter. Portions of any deposition designated "CONFIDENTIAL" are to be filed with the Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Confidentiality Agreement. These portions shall remain sealed until further agreement of the

Page 2– STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

parties." Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this case, it shall be so marked and separately filed under seal with the Court.

(c) Any party to this litigation may designate specific responses to information requests, including requests for production responses and interrogatory answers, confidential by labeling the specific response "CONFIDENTIAL."

### B.  Filing Under Seal

Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Court. Where possible, only Confidential portions of filings with the Court shall be filed under seal.

### C.  Access to Confidential Information

Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

(a) the Court, including any Court personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

(b) Plaintiff, Defendants and their counsel of record and paralegal, clerical and secretarial employees of counsel of record;

Page 3– STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

    (c)    the officers, directors or employees of a party participating in the prosecution, defense, settlement or other disposition of this action;

    (d)    mediators, consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached hereto as Exhibit A;

    (e)    potential witnesses provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached hereto as Exhibit A;

    (f)    any person who is an author, addressee, or recipient of, or who previously had access to, the Confidential Information;

    (g)    deposition witnesses who agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A;

    (h)    any other person as to whom the party that designated the document or information as Confidential has consented to disclosure in advance; and

    (i)    any other person designated by the Court.

**D.    Inadvertent or Late Disclosure**

If any party inadvertently produces or initially discloses any Confidential Information without marking it with the appropriate legend, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, and upon request, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality

Page 4– STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

### E.   Copy and Storage of Confidential Information and Material

No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation. Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" information and material shall remain in possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

### F.   Challenges to Confidential Designations

If any party to this litigation objects to the designation of any document, testimony, information or material as "CONFIDENTIAL," the party may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and as provided for in this Confidentiality Agreement.

### G.   Use of Confidential Information and Material

Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at trial or a hearing in this matter, that party shall meet with counsel for the other parties in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

### H.   Procedures Upon Termination of Action

Within thirty (30) business days following any final settlement or the running of any applicable time to appeal the final order entered in this litigation, all parties shall either (i)

Page 5–  STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

return to the person who produced such materials all copies of all Confidential information obtained through discovery in this action or (ii) certify to that person that all such materials have been destroyed, except that counsel for each party may retain in its files one copy of each pleading, brief or document filed with the Court, and deposition and trial transcripts and exhibits thereto, and correspondence, subject to the provisions of this Order. Copies of "CONFIDENTIAL" documents that have been filed with the Court may be returned to the filing party by the Clerk of the Court, or destroyed.

### I.  Efforts by Non-Parties to Obtain Confidential Information

If any Party has obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the producing party or non-party. The subpoenaed party shall not produce any Confidential Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

### J.  Effect of Order

This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials on any ground permitted by the Federal Civil Rules, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Civil Rules.

Page 6–   STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

### K. Application to Court

This Order is without prejudice to the right of any interested party to apply to the court for an order permitting the disclosure of any Confidential information or to apply for an order modifying or limiting this Stipulation and Protective Order in any respect.

### L. Continuing Jurisdiction

All provisions of this Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or order of the court and the court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

IT IS SO ORDERED this 20th day of June, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

Page 7– STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

1
2   BULLIVANT HOUSER BAILEY, PC         GODFREY & LAPUYADE, PC
3   Dated: June 8_____, 2011.               Dated: June 3_____, 2011
4
5   By: /s/ Matthew E. Hedberg            By: /s/ Julie Richards
     John Bennett, OSB #75047             Brett Godfrey, No. _____
6       Admitted *pro hac vice*                Julie Richards, No. 39489_____
     Matthew E. Hedberg, OSB #081958
7       Admitted *pro hac vice*               Attorneys for Defendants the Board of
                                                           County Commissioners for Larimer
8   MONTGOMERY, KOLODNY, AMATUZIO &      County, State of Colorado
  DUSBABEK, LLP
  Peter Dusbabek, No.
9
10   Attorneys for Defendant Travelers Indemnity Company
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Page 8–   STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

# EXHIBIT A

# CONSENT TO PROTECTIVE ORDER

1. I, _____, have read the foregoing Stipulated Protective Order dated _____, 2011 (the "Protective Order"), and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" that are furnished to me as set forth in the Protective Order.

2. I further agree (1) not to disclose to anyone any documents, material or information marked "Confidential" other than as set forth in the Protective order; and (2) not to make any copies of any documents, materials or information marked "Confidential" furnished to me except for use in accordance with the Protective Order; and (3) not to use any documents or information produced or provided to me in connection with this litigation for any purposes other than those prosecuting and/or defending this action as set forth in paragraph 8 of the Protective Order.

3. I hereby consent to the jurisdiction of the Canyon County District Court with regard to any proceedings to enforce the terms of the Protective Order.

_____
Signature                    Date

13374913.1

Page 9– STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915